**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ISP ENVIRONMENTAL SERVICES INC., and G-I HOLDINGS INC.,<br><br>Defendants. | Civ. No. 22-CV-4344 (JXN) (JBC) |

**ORDER AND STIPULATION REGARDING THIRD-PARTY DEFENDANT PARTICIPATION IN PHASE I DEPOSITIONS**

WHEREAS, Plaintiff-Counterclaim Defendant United States of America (the "United States"), Defendant-Crossclaim Plaintiff ISP Environmental Services Inc. ("IES"), Third-Party Defendant International Specialty Products Inc. ("ISP"), Counterclaim Plaintiff Ashland Inc. ("Ashland"), Defendant-Crossclaim Plaintiff-Counterclaim Plaintiff-Crossclaim Defendant G-I Holdings, Inc. ("G-I"), and Third-Party Defendants Standard Building Solutions Inc. ("Standard"), the Chemours Company, E. I. du Pont de Nemours and Company (n/k/a EIDP, Inc.), Corteva, Inc., Dow, Inc., DuPont de Nemours, Inc., Linde Inc. and Linden Property Holdings LLC (collectively, the "Third-Party Defendants," and together with the United States, IES, and G-I, the "Parties" and each a "Party"), seek to avoid and minimize discovery disputes;

WHEREAS, on November 1, 2024, the Court entered a Scheduling Order trifurcating this case into the following phases:

> (1) Phase [I]: Corporate Successorship to CERCLA Liability at the LCP Site—IES Liability, G-I Liability, Standard Liability, and U.S. Liability, as well as IES' Alleged Failure to Comply with the UAO;
>
> (2) Phase II: Divisibility Defense to Joint and Several Liability and Quantum of Recoverable Costs, Penalties and Damages; and

(3) Phase III: Remaining Third-Party Claims, Equitable Allocation and Common Law Claims[;]

(Dkt. No. 135);

WHEREAS, the United States, IES, ISP, Ashland, G-I, and Standard (the "Phase I Parties") are currently engaged in discovery for Phase I, including the production of documents and taking of depositions;

WHEREAS, other than Standard and ISP, the Third-Party Defendants are, in accordance with the Scheduling Order, not participating in Phase I;

WHEREAS, despite the Third-Party Defendants' lack of participation in Phase I discovery, the Parties acknowledge a potential issue associated with the taking of depositions during Phase I regarding Phase I issues and the recall of those deponents during later Phases of the action;

NOW, THEREFORE, it is hereby STIPULATED and ORDERED:

1. **Notice.** The Phase I Parties shall serve notices of deposition and third-party subpoenas on all Parties and provide the Third-Party Defendants with at least fifteen (15) business days' notice of any such Phase I deposition.

2. **Scope.** Notwithstanding the possibility that some issues of fact or law may be relevant to multiple phases of this litigation, the scope of any deposition conducted during Phase I of this action shall be limited to issues relevant to Phase I, except as provided in Paragraph 4 with respect to any non-party witness who will not or does not agree to not oppose a subsequent deposition during later Phases of this action.

3. **Depositions of Party Witnesses.** During any later Phase of this action, no Party shall object to the re-call of any Phase I deponent for additional depositions concerning issues relevant to either Phase II or Phase III on the grounds that the deponent was deposed during Phase I, including, without limitation, any objections pertaining to the potential burden or harassment of

being recalled, or based on the grounds that facts addressed during any Phase I deposition may be subject to further questioning during later Phase depositions.

4. **Obligation to Meet and Confer.** In the event that a deposition is noticed for a non-party witness, counsel for the noticing Party shall endeavor to obtain agreement with the non-party witness that the witness will not oppose a subsequent deposition in Phase II or Phase III of the case on the grounds that the deponent was deposed during Phase I. The noticing Party shall advise all other Parties, including the Third-Party Defendants, whether the non-party witness has or has not provided such an agreement at least fifteen (15) business days prior to the date of the noticed deposition. If the non-party witness will not agree, and any Party wishes to take deposition testimony on any non–Phase I issues, the Parties shall meet and confer to negotiate an agreement covering the appropriate scope of questions, division of deposition time, and exchange of documents as needed, with such meet-and-confer to occur at least ten (10) business days prior to the date of the noticed deposition. If the Parties are unable to reach agreement, the Party or Parties seeking to depose the witness on non-Phase I issues may present the dispute in a letter to the Court no later than five (5) business days prior to scheduled date for the deposition and the deposition shall be adjourned pending the resolution of the dispute. If there are other disputes regarding the deposition covered under the Court's Order and Stipulation Regarding Phase I Depositions, Dkt. No. 241, the Parties shall include all issues in the same joint letter, *see* Dkt. No. 241 at Paragraphs 3.b, 4(c)(iii), and 4(d)(iii).

5. **Preservation of Objections.** Notwithstanding any other provision of this Order and Stipulation, the Third-Party Defendants expressly reserve all objections to, and arguments concerning, the relevance, materiality, admissibility, authenticity, and use of any deposition

testimony taken during Phase I of this action, and they reserve all arguments concerning any Phase I deponent's unwillingness to be recalled for further deposition during later Phases of this action.

**FOR THE DUPONT ENTITIES:**

Dated: November 5, 2026

By: *s/ Mark S. Heinzelmann*

Mark S. Heinzelmann, Esq.
**LOWENSTEIN SANDLER LLP**
One Lowenstein Drive
Roseland, New Jersey 07068
Tel: 973.597.2500
Fax: 973.597.2400
mheinzelmann@lowenstein.com

**FOR THE UNITED STATES OF AMERICA:**

Dated: November 6, 2026

By: *s/ R. Shea Diaz*

R. Shea Diaz
Senior Attorney
Andrea C. Bonvecchio
Trial Attorney
Environmental Enforcement Section
Energy and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 532-3351
rebecca.diaz@usdoj.gov
andrea.bonvecchio@usdoj.gov

**FOR ISP ENVIRONMENTAL SERVICES INC., INTERNATIONAL SPECIALTY PRODUCTS INC., AND ASHLAND INC.:**

Dated: November 6, 2026

By: *s/ Josh Elias*

William S. Hatfield, Esq.
Camille V. Otero, Esq.
Jennifer A. Hradil, Esq.
Joshua R. Elias, Esq.
**FBT Gibbons LLP**

One Gateway Center
Newark, NJ 07102-5310
Tel: (973) 596-4500
Fax: (973) 596-0545
whatfield@fbtgibbons.com
cotero@fbtgibbons.com
jhradil@fbtgibbons.com
jelias@fbtgibbons.com

**FOR G-I HOLDINGS INC., STANDARD BUILDING SOLUTIONS INC., AND LINDEN PROPERTY HOLDINGS LLC:**

Dated: November 6, 2026

By: *s/ Jaimee Katz Sussner*

Jaimee L. Katz Sussner, Esq.
Matthew L. Lippert, Esq.
**SILLS CUMMIS & GROSS P.C.**
One Riverfront Plaza
Newark, New Jersey 07102
Tel: 973 643 7000
Fax: 973 649 6500
jsussner@sillscummis.com
mlippeli@sillscummis.com

Andrew J. Rossman, Esq.
Jonathan B. Oblak, Esq.
Nicholas A.S. Hoy, Esq.
Amla Delmatel, Esq.
Justine Young, Esq.
Morgan L. Anastasio, Esq.
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
295 5th Avenue
New York, New York 10016
Tel: 212 849 7000
Fax: 212 849 7100
andrewrossman@quinnemanuel.com
jonoblak@quinnemanuel.com
nicholashoy@quinnemanuel.com
annadelmatel@quinnemanuel.com
justineyoung@quinnemanuel.com
morgananastasio@quinnemanuel.com

**FOR LINDE INC.:**

Dated: November 5, 2026

By: *s/ Collin S. Gannon*

Roy D. Prather, III, Esq.
Collin S. Gannon
Beveridge & Diamond PC
201 N Charles Street
Suite 2210
Baltimore, MD 21201
410-230-1300
rprather@bdlaw.com
cgannon@bdlaw.com

**SO ORDERED** this 9th day of November, 2026.

*s/ James B. Clark, III*

Hon. James B. Clark, III
United States Magistrate Judge